RECEIVED
IN LAKE CHARLES, LA.

AUG -4 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2: 05 CR 20084-001 |
| VS. | : | JUDGE MINALDI |
| PEDRO MENDEZ RAMOS | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") filed by the Probation Department.

The defendant objects to being sentenced under the current standard of sentencing in the Fifth Circuit which he alleges "unconstitutionally affords a sentence within the guideline range a presumption of reasonableness."[1]

After *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the United States Sentencing Guidelines are no longer mandatory. Under *Booker,* to reach a reasonable sentence "the... court remains under a duty pursuant to [18 U.S.C.] § 3553(a) to 'consider' numerous factors including" the guidelines.[2] This duty to consider the Guidelines requires the sentencing judge to determine the applicable Guidelines range even though the judge is not required to sentence within that range. The Guideline range is determined in the same manner as before *Booker*. Relatedly,

---

[1] Defendant's Objections, no.2, pg. 2.

[2] *United States v. Mares,* 402 F.3d 511, 519 (5th Cir.), *cert. denied,* --- U.S. ----, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005), "[i]t was the mandatory aspect of th[e] sentencing regime [under the Guidelines] that the Court concluded violated the Sixth Amendment's requirement of a jury trial."

*Booker* contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing. The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence. *Id.* (internal citations omitted). The court's consideration of the recommended guidelines range is mandated by *Booker* and *Mares,* even where calculation of the appropriate range requires the court to take into account facts not proven to a jury.[3] This court, sentencing long after *Booker,* understands that the Guidelines are advisory only.

The defendant does not dispute that this is the current sentencing standard in the Fifth Circuit. This court is required to follow Fifth Circuit precedent and will apply the Guidelines in an advisory manner, also considering the factors contained in 18 U.S.C.A. §3553. This objection is overruled.

The defendant objects to receiving criminal history points for the escape offense listed in ¶60 of the PSR. The defendant argues that the escape was a part of the charged offense. The defendant argues that the escape falls within the time period of the instant offense and that he escaped in order to distribute controlled substances between Brownsville, Texas and Lafayette, Louisiana.

---

[3] *United States v. Whitfield* 590 F.3d 325, 367 (5th Cir. 2009); *U.S. v. Johnson,* 445 F.3d 793, 798 (C.A.5 (Miss.), 2006).

The Probation Department responds that the charged conspiracy began on an unknown date, but no later than January 1, 1995. The defendant escaped from federal prison on July 12, 1994, and was taken back into custody on June 13, 1995. Probation has no evidence that the defendant escaped from prison to become part of this drug distribution. The defendant told Probation that he wanted to be incarcerated near his home in Brownsville, Texas, but this did not happen. Ramos told of many family issues that led to his escape, but he never indicated that he had escaped in order to distribute drugs in this conspiracy.

Where the scope of the charged conspiracy covers (1) a time frame, (2) a geographic area, and (3) a subject matter or purpose broad enough to include prior convictions, the government bears the burden of proving by a preponderance of the evidence that the prior convictions were not relevant conduct and hence not part of the charged conspiracy. Only then can the government utilize those prior convictions to increase the defendant's criminal history score.[4] Accordingly, the court will allow the Government the opportunity to make this showing before ruling on this objection. Whether or not the defendant's criminal history score and sentence range will change will depend upon the court's ruling on this objection.

Because of the defendant's medical condition and his efforts to sever his ties with the drug community, he argues that a sentence at the statutory minimum of 240 is sufficient to satisfy the goal of retribution, deterrence, incapacitation and rehabilitation.[5] The court will take this argument into

---

[4] *U.S. v. Torres*, 182 F.3d 1156, 1164 (C.A.10 (Kan.),1999).

[5] 18 U.S.C.A. § 3553(a).

consideration at sentencing.

  Lake Charles, Louisiana, this __3__ day of August, 2010.

                 /s/ Patricia Minaldi
                 PATRICIA MINALDI
                 UNITED STATES DISTRICT JUDGE